# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    v.                                  CRIMINAL NO. 2009-10095-PBS

JOSEPH A. PINGARO, JR., ETC.,
CHRISTINE A SCOLA,
    Defendants.

## REPORT AND RECOMMENDATION ON DEFENDANT CHRISTINE SCOLA'S MOTION TO SEVER, ETC. (#82)

COLLINGS, U.S.M.J.

    In her motion to sever (#82), defendant Christine A. Scola ("Scola") seeks to sever her case for trial from the case against co-defendant Joseph A. Pingaro, Jr. ("Pingaro"). Although the motion was filed on December 6, 2010, it was not referred to the undersigned until January 5, 2011. The motion was heard on February 16, 2011. The Government opposes the motion, and both sides

have filed numerous pleadings on the issue.[1]

In a nutshell, Pingaro and Scola are charged with, among other things, four counts of tax evasion on their 2002, 2003, 2004 and 2005 joint returns, four counts of subscribing to false returns for the same years, and of illegally structuring transactions. Each is named in every count of the indictment. Pingaro is Scola's husband, and she wishes to call Pingaro as a witness to testify to facts which it is alleged will be exculpatory to her but, presumably, inculpatory as to him. The proposed scenario is set forth in an affidavit in which Pingaro avers that he:

> "...possess[es] information, which if offered through my testimony at a trial of my wife, Christine, would establish her innocence. I intend to invoke my 5th Amendment rights and will not testify at any trial in which I am a defendant whether alone or with Christine. If I am tried before Christine and my case is completed, I will testify at her trial.

Affidavit, Etc., #82-1 ¶ 2.

Both sides assert that in determining the issue, the Court must apply the case of *United States v. Drougas,* 748 F.2d 8 (1 Cir., 1984) in which the First Circuit held that:

---

[1] *See* ##87, 89, 101, 105, 107.

> In order to be entitled to a severance on the basis of a codefendant's testimony the movant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the codefendant will in fact testify if the cases are severed.

*Drougas,* 748 F.2d at 19 (citations omitted).

There is a genuine issue as to whether Scola has failed to establish the fourth prerequisite because of the conditional nature of Pingaro's offer to testify, i.e., that the offer is conditioned on Pingaro being tried first.

Sixteen years ago the First Circuit did not decide the issue in the case of *United States v. Smith*, 46 F.3d 1223 (1 Cir.), *cert. denied,* 516 U.S. 864 (1995), but noted that four other circuits had "…ruled that an offer to testify, conditioned on one defendant being tried before the other, fails to satisfy the elements of a prima facie case for severance." *Id.* at 1231, n. 3 *(citing United States v. Washington,* 969 F.2d 1073, 1080 (D.C. Cir., 1992), *cert. denied,* 507 U.S. 922 (1993)[2]; *United States v. Blanco,* 844 F.2d 344, 352-53 (6 Cir.), *cert. denied,* 486 U.S. 1046 (1988); *United States v. Haro-Espinsosa,* 619 F.2d 789, 793 (9 Cir., 1979); *United States v. Becker,* 585 F.2d 703, 706 (4 Cir., 1978),

---

[2] Three years earlier in the case of *United States v. Ford,* 870 F.2d 729, 732 (D.C. Cir., 1989), the D.C. Circuit was faced with the same situation where a defendant asserted that a co-defendant (one Green) would testify for him if Green's trial went first. The Court wrote that a "…conditional showing does not satisfy the requirement that [a defendant] demonstrate a reasonable probability of Green's willingness to testify."

3

*cert. denied*, 439 U.S. 1080 (1979)). Both the *Haro-Espinsoa* and the *Becker* courts also cite to the decision in *United States v. Gay,* 567 F.2d 916, 918-20 (9 Cir.), *cert. denied*, 435 U.S. 999 (1978).

The Fourth Circuit has been consistent in its approach. It has reaffirmed its holding in the *Becker* case at several points. In the case of *United States v. Parodi,* 703 F.2d 768 (4 Cir., 1983), the Court wrote plainly that "...the requirement of a showing of willingness to testify if there is a severance is not met when that offer to testify is further conditioned on the co-defendant's case being tried first." *Id.* at 779-80 (*citing Becker,* 585 F.2d at 703, 706; *United States v. Frazier,* 394 F.2d 258, 261 (4 Cir.), *cert. denied,* 393 U.S. 984 (1968), *Haro-Espinsoa,* 619 F.2d at 793, and *United States v. Ruppel,* 666 F.2d 261, 268-69 (5 Cir.), *cert. denied,* 458 U.S. 1107 (1982)).

The First Circuit's opinion in *Smith* was issued on February 10, 1995. Eleven days later the Fourth Circuit reiterated its holding in *Becker* in the case of *United States v. Reavis,* 48 F.3d 763 (4 Cir), *cert. denied,* 515 U.S. 1151 (1995). Quoting from its decision in the *Becker* case, the Court wrote that:

> Were we to accede to the co-defendant's demand [that he be tried first], we would 'create a situation where, following his own trial, the witness would be more inclined to "throw a bone" to his codefendants by

testifying favorably to them because his own case had been disposed of and he had little to lose by testifying.'

*Reavis,* 48 F.3d at 767 (quoting *Becker,* 585 F.2d at 706).

The Seventh Circuit, like the First, while not deciding the issue, has noted the line of cases that "…courts need not accept conditional offers to testify as representing a clear intent to testify, thus requiring severance." *Mack v. Peters,* 80 F.3d 230, 236 (7 Cir., 1996)[3] (*citing United States v. Mariscal* 939 F.2d 884, 886 (9 Cir., 1991); *United States v. Espinosa,* 771 F.2d 1382, 1408 (10 Cir.), *cert. denied,* 474 U.S. 1023 (1985); *United States v. Ford,* 870 F.2d 729, 731-32 (D.C. Cir., 1989); *Parodi,* 703 F.2d at 779-80; *Blanco,* 844 F.2d at 352-3).

The Second Circuit has added its voice to the issue. In *United States v. Spinelli,* 352 F.3d 48 (2 Cir., 2003), one co-defendant had offered to testify in favor of a second co-defendant but only if the second co-defendant "…was tried separately and subsequently." *Id.* at 56. It "noted that such conditional orders 'smack[] of bad faith'." *Id. (quoting United States v. Bari,* 750 F.2d 1169, 1177 (2 Cir., 1984)).

The Tenth Circuit has flatly held:

---

[3] *Mack* was before the Seventh Circuit on a petition for writ of habeas corpus from a state court conviction. However, the Court "…consider[ed] the analysis similar to that which we employ in reviewing issues of severance of codefendants in order to obtain codefendant testimony." *Mack,* 80 F.3d at 235.

5

> A defendant can not establish the willingness of a co-defendant to testify on his behalf if the co-defendant's offer is 'further conditioned on the co-defendant's case being tried first.'

*Espinosa,* 771 F.2d at 1408 (*quoting Parodi,* 703 F.2d at 779).

The Court does not perceive the instant case to warrant an exception to this principle which a majority of the circuits has endorsed.[4] The Court rules that Pingaro's offer to testify, conditioned as it admittedly is upon his trial (and presumably subsequent appeals if convicted) being completed before he testifies, is insufficient for Scola to demonstrate that Pingaro will testify as required by *Drougas.*

Accordingly, I RECOMMEND that Defendant Christine Scola's Motion to Sever, Etc. (#82) be DENIED.

Pursuant to Rule 59(b)(2), Fed. R. Crim. P., the parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further

---

[4] There can be exceptions. *See Gay,* 567 F.2d at 921.

6

advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply tyhe requirement of filing timely objections shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

March 16, 2011.